Moegan, Judge,
specially concurring:
I concur in the result of the majority opinion because no injustice is done thereby, as the original plaintiff permitted his land to be sold for taxes in 1894 and for twelve years thereafter took no action to recover it and even then sold the title with the suit to the substituted plaintiff,’ and furthermore, the only defect in the tax deed was a defective publisher’s affidavit which might have been amended. Section 78, Mills’ Ann. Code, provides that no judgment shall be reversed or affected because of a defect or error in the pleadings not affecting the substantial rights of the parties.
I think the foregoing reasons should be given for the affirmance instead of those upon which the majority opinion is based. That opinion establishes a precedent that may be used, sometime, to take a man’s land away *347 from him, who has a good title thereto, and to give it to another who has no title, merely upon a question of pleading. The majority opinion closes a door against judicial discretion that ought to be left open. The opinion discloses that the plaintiff has title in fee simple, but for defendant’s tax deed, which is void because of the defective publisher’s affidavit, and gives the land to the defendant, and I think the opinion'should disclose that, notwithstanding the apparent injustice, no substantial wrong has been done, because the tax deed could be made good by amending the publisher’s affidavit. As the opinion is written, it not only holds that a plaintiff in an action to quiet title cannot prove any defect in a defendant’s tax deed, pleaded in the answer, unless such defect is specially pleaded in the replication, but takes the position that no' amendment will be permitted unless leave is asked in the lower court and error specifically assigned upon the denial thereof, even though, as in this case, the lower court never excluded the proof of such defect for the reason that it was not specially pleaded, but for another and erroneous reason. The lower court took under advisement the objection to the evidence of the defective affidavit together with the motion to strike the plea of the statute of limitations and did not rule upon the same until the final judgment was entered, and then, erroneously held that the plea of the statute was good., and stated in the findings, “Defendant’s objection to the evidence offered is therefore noiu necessarily sustained.” This excluded any amendment because it would be of no avail, and a request to amend would have been useless and would not have called the court’s attention to anything that would have enabled it to correct its error. Objection was duly made and exception allowed to the findings of the court in excluding the evidence, and in holding the plea of the statute to be good, and error was duly assigned thereupon and thus the error of the lower *348 court is clearly before this court for its consideration. Every technical rule of pleading or practice so established is a barrier erected that impedes the progress and hinders the administration of justice, and ofttimes taxes the ingenuity of a just judge to its limits to leave such rules undisturbed and at the same time find an opening through which justice may enter and be administered, and the affirmance or reversal of a case based thereupon serves as an encouragement thereof.
Decided January 12, A. D. 1914.
Rehearing denied, February 11, A. D. 1914.